COOPER v. COOPER.

(December 22, 1900.)

1. *Injunction—Fraud—Judgment—Alimony—Divorce.*

Where, pending an action for divorce and alimony, the husband confesses judgments to third parties, and the wife institutes an action to set aside the judgments, and to enjoin the sale and execution thereunder, upon the ground that the judgments were fraudulent and intended to defeat her recovery of alimony, and the husband met the allegation of fraud, and filed affidavits showing every item of the indebtedness for which the judgments were confessed, it is error to continue the injunction.

2. *Injunction—Irreparable Damage.*

An injunction will not be granted unless the damages are shown to be irreparable.

CIVIL ACTION by Hannah G. Cooper against A. D. Cooper, W. M. Cooper and D. J. Williams, heard by Judge *O. H. Allen,* at August Term, 1900, of BUNCOMBE Superior Court. From an order restraining a collection under a judgment in favor of W. M. Cooper and D. J. Williams against A. D. Cooper, the defendants appealed.

*W. R. Whitson,* for the plaintiff.
*B. F. Long* and *George B. Nicholson,* for the defendants.

CLARK, J. The plaintiff instituted an action for divorce against the defendant A. D. Cooper, and applied for a decree for alimony. Pending that litigation A. D. Cooper confessed judgment in Buncombe Superior Court to his brother W. M. Cooper, and one D. J. Williams, his co-defendants in this action, for $3,000. This action is brought by the wife, alleging that said confession of judgment is fraudulent, and

that the purpose thereof is to defeat her recovery in the application for alimony and she seeks to set aside the judgment, and an injunction against the sale of her husband's property under the execution issued thereon. There was a temporary restraining order. Upon the motion to continue the injunction to the hearing, the answer of defendants squarely met the allegation of fraud as to the judgment confessed by A. D. Cooper, and numerous affidavits are filed in support of the answer. It was error to continue the injunction to the hearing. The plaintiff makes, on information and belief, a broadside allegation of fraud in the confession of judgment, but does not set out a single, solitary fact to support such belief, nor does any affidavit filed by her do so, whereas the affidavits filed by defendants and others in their behalf, set out with minute circumstantiality and detail, every item of the indebtedness for which the judgment was confessed, accompanied by the checks and notes, and renewals of notes, and statements of accounts, showing the entire *bona fides* of the debt. The complaint does not aver that either A. D. Cooper or W. M. Cooper is insolvent. Indeed, it appears by complaint and affidavit of plaintiff that A. D. Cooper has property to the value of many times the judgments against him which the plaintiff is seeking to set aside. After satisfying W. M. Cooper's judgment, there should be ample property of A. D. Cooper to satisfy any judgment for alimony which the plaintiff is likely to recover, and there is no irreparable damage shown to justify the injunction. Upon the affidavits *pro* and *con* as to the *bona fides* of the debt, the great weight is in favor of defendants, and the Court was not justified in restraining W. M. Cooper from collecting under his judgment, merely because the plaintiff avers an expectation of obtaining a judgment, which, if obtained, will be junior to the judgment, execution upon which is sought to be

restrained.   In an appeal from an order granting or refusing an injunction, the affidavits are reviewed by this Court, and on such review we are constrained to hold that the injunction to the hearing was improvidently granted.

Reversed.